STILLE C. CHEW ET AL., PARTNERS TRADING AS CHEW BROTHERS, PLAINTIFFS-RESPONDENTS, v. PENNSYLVANIA RAILROAD COMPANY, DEFENDANT-APPELLANT.

Submitted March 27, 1916—Decided June 19, 1916.

In order to recover damages caused through an obstruction to navigation by a bridge across a navigable stream in this state, it is not necessary for a plaintiff to plead or prove that the secretary of war has not proceeded under the River and Harbor act of congress, approved March 3d, 1899, to ascertain that the given bridge is an unreasonable obstruction to free navigation.

On appeal from the Supreme Court.

For the appellant, *Gaskill & Gaskill.*

For the respondents, *John Boyd Avis.*

The opinion of the court was delivered by

WALKER, CHANCELLOR.  The respondents, Chew Brothers, the owners and operators of a floating dredge for the digging of mud, sand and other materials, having procured employment for their dredge at a point above a bridge erected by the appellant, the Pennsylvania Railroad Company, over and across Crosswicks creek, a navigable stream in the county of Burlington in this state, proceeded to take the dredge up the creek, but because of the obstruction to navigation in the stream by the bridge, it became necessary for respondents to take down the superstructure of their dredge in order to navigate the same up the creek beyond the bridge and point of obstruction.  After thus navigating the stream beyond the bridge and completing their work, respondents were again obliged to take down their superstructure to repass the bridge and get out of the stream.

The only question submitted to the court below was, whether or not the plaintiffs were precluded from recovering, because they failed to allege in their pleadings and substantiate by proof, that the bridge in question had been declared by the secretary of war to be an "unreasonable obstruction" under the provisions of the River and Harbor act of congress approved March 3d, 1899.

It was admitted that the defense was rested entirely upon the federal statute, and that the bridge actually did obstruct the respondents in the navigation of their dredge, so that they sustained damage to the extent of $600, which amount was to be found by the jury by direction of the court, if the court decided, as matter of law, that the statute did not protect the appellant.  The trial judge at the conclusion of a colloquy with counsel, in which these admissions were made,

directed the jury to return a verdict for the respondents for $600, and gave counsel for the appellant an exception.

In the eighteenth section of the federal statute mentioned it is provided:

"That whenever the secretary of war shall have good reason to believe that any railroad or other bridge now constructed, or which may hereafter be constructed over any of the navigable waterways of the United States is an unreasonable obstruction to the free navigation of such waters on account of insufficient height, width of span, or otherwise, or where there is difficulty in passing the draw opening or the draw span of such bridge by rafts, steamboats, or other water craft, it shall be the duty of the said secretary, first giving the parties reasonable opportunity to be heard, to give notice to the persons or corporations owning or controlling such bridge so to alter the same as to render navigation through or under it reasonably free, easy and unobstructed; and in giving such notice he shall specify the changes recommended by the chief of engineers that are required to be made, and shall prescribe in each case a reasonable time in which to make them."

It then provides penalties for disregard of the secretary's notice, and for prosecution of the offender.

Counsel for appellant urged that if the secretary of war does not act and decide a given bridge to be an unreasonable obstruction to navigation, the bridge is, or at least must be held to be, not such an obstruction; for, after reading the above-quoted part of section 18 of the statute, he argued to the court that "the secretary of war not having good reason to believe that this bridge was an unreasonable obstruction to navigation and not having given notice to the complainants and to the owners of the bridge to appear and not having decided that it was an unreasonable obstruction, and not having given notice to the company to alter so that it would not be such obstruction, that no case has been presented here on the part of the plaintiff." This contention is groundless.

Crosswicks creek is a navigable stream lying wholly within

174 COURT OF ERRORS AND APPEALS.

Chew v. Penna. R. R. Co. 89 N. J. L.

the limits of New Jersey, and the authority of this state over it is plenary, and subject only to such action as congress may take in execution of its power under the federal constitution to regulate commerce among the states. *Cummings* v. *Chicago*, 188 *U. S.* 410 (47 *L. ed., pp.* 525, 530). The power delegated by congress under this statute to the secretary of war not having been exercised by him leaves the matter of obstruction to navigation in the creek wholly subject to the law of this state. See *Attorney-General* v. *Hudson County Water Co.*, 76 *N. J. Eq.* 543, 560.

An action will lie against a person or corporation for damages arising from an unlawful obstruction of a navigable stream. *Mehrhof* v. *Delaware, Lackawanna and Western Railroad Co.*, 51 *N. J. L.* 56.

In *Anderson* v. *Pennsylvania Railroad Co.*, 76 *N. J. L.* 718, this court approved the remarks of Circuit Judge Jenkins in *Clement* v. *Metropolitan Railway Co.*, 123 *Fed. Rep.* 271, as follows:

"A bridge spanning a navigable river is an obstruction to navigation tolerated because of necessity and convenience to commerce upon land. Such a structure must be so maintained and operated that navigation may not be impeded more than is absolutely necessary, the right of navigation being paramount. It is incumbent upon the owner that the bridge be so constructed that it may be readily opened to admit the passage of craft and maintained in suitable condition therefor."

And it was observed at *p.* 727:

"The duty of railroad companies to maintain and operate drawbridges on navigable streams and provide bridge-tenders thereon, and to open the draws for free passage of vessels, is declared by statute. *Pamph. L.* 1903, *p.* 655, §§ 16, 17."

See the General Railroad law, *Comp. Stat., pp.* 4215, 4228.

It is unnecessary to pursue the inquiry farther. As the law of this state gives an action for damages caused by the obstruction of navigable streams, the direction of a verdict

for respondents for the sum in which they were admitted to have been damaged by reason of the particular obstruction mentioned, was entirely correct.

The judgment will be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, GARDNER, JJ. 14.

*For reversal*—None.